UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE VICTOR TOBIAS,

            Plaintiff,                         Case No. 24-10579

v.                                            Honorable Nancy G. Edmunds

ANNA MARIE ANZALONE, *et al.*,

            Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Kyle Victor Tobias brought his first pro se complaint against the named Defendants here, Lenawee County Circuit Court Judge Anna Marie Anzalone, Lenawee County Friend of the Court's director David C. McFarland, and one of the Friend of the Court's enforcement officers, Sue Pelham, on February 6, 2024.[1] (Case No. 24-10310.) Upon consideration of Plaintiff's application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP") and initial screening of the complaint in that case, the Court denied Plaintiff's request to proceed IFP and dismissed his complaint without prejudice.[2] (*Id.* at ECF No. 7.) Plaintiff then filed the present complaint stemming from the same factual allegations and bringing similar legal claims but emphasizing that he is alleging violations of 18 U.S.C. § 241, which criminalizes conspiracy against rights, and 18 U.S.C. § 242, the criminal counterpart to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also brings another application to proceed IFP. (ECF No. 2.) For the reasons discussed below, the Court grants Plaintiff's request to proceed IFP and DISMISSES his complaint.

---

[1] Plaintiff also named the Lenawee County Friend of the Court itself as a defendant in the first complaint.

[2] The Court also denied Plaintiff's request for injunctive relief.

I.      **Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." The Supreme Court has held that one need not "be absolutely destitute to enjoy the benefit of" proceeding IFP. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff indicates that he did not have any income the week preceding the date of the application. Plaintiff also lists a number of expenses and a debt. Based on this affidavit,[3] the Court grants Plaintiff's application to proceed IFP.

II.     **Plaintiff's Complaint**

A.      **Legal Standard**

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). Moreover, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

---

[3] The Court notes that the representations made by Plaintiff in his current application are not entirely consistent with those in his previous application submitted approximately one month earlier.

### B.    Analysis

Plaintiff's claims stem from Defendants' handling of a state court proceeding relating to the modification of a child support order. As the Court found when it dismissed Plaintiff's first complaint, judges enjoy absolute immunity from personal liability for judicial acts. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Also, employees of the Lenawee County Friend of the Court enjoy absolute immunity from suit on claims arising out of the performance of quasi-judicial functions. *See Merritt v. Lauderbach*, No. 12-13645, 2013 U.S. Dist. LEXIS 37871, at *12-14 (E.D. Mich. Mar. 19, 2013) (citing cases). Plaintiff now asserts that judicial immunity does not apply here in light of the allegations of a violation of his constitutional rights. But judicial immunity can only be overcome when a judge's acts are not taken in her judicial capacity or there is a complete lack of jurisdiction. *See Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). Moreover, the Court alternatively found in its earlier order that most of Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine. And to the extent Plaintiff now emphasizes that he is alleging violations of § 241 and § 242, a private individual cannot pursue an alleged violation of federal criminal law unless the criminal statute at issue provides for a private right of action. *See Meier v. Wyndham Hotels & Resorts, Inc.*, No. 23-1101, 2023 U.S. App. LEXIS 19595, at *6-7 (6th Cir. July 28, 2023). There is no private cause of action under either of these statutes. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008).

In sum, the Court dismisses this case because Plaintiff fails to state a claim upon which relief may be granted and seeks monetary relief from defendants who are immune from such relief. *See* § 1915(e)(2)(B).

**III.    Conclusion**

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees

or costs is GRANTED, and his complaint is DISMISSED with prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may

not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 2, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record
on April 2, 2024, by electronic and/or ordinary mail.

s/Holly Ryan
Case Manager